E. BRYAN WILSON
Acting United States Attorney

MICHAEL HEYMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.heyman@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>(1) KEYBANK ACCOUNT NO. 720121030160; (2) KEYBANK ACCOUNT NO. 720121030004; (3) KEYBANK ACCOUNT NO. 720121030525, AND (4) NORTHRIM BANK ACCOUNT NO. 3170321542, UP TO $1,010,404.00 | Case No. 3:21-mj-00233-MMS<br><br>**FILED UNDER SEAL** |

## MOTION TO SEAL SEARCH WARRANT, APPLICATION, AFFIDAVIT FOR WARRANTS, AND RETURNS

COMES NOW the United States of America, by and through the United States Attorney for the District of Alaska, and moves this Court to seal the search warrant, application, affidavit for warrant, and return in the above-captioned case.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).

Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have "traditionally been kept secret for important policy reasons." *Id. Citing Times Mirror Co. V. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Ninth Circuit case law has identified two categories of documents that fall into this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id.* Parties seeking to seal a judicial record not traditionally kept secret must provide compelling reasons to the court for doing so. *Id.* In general, "compelling reasons" are those sufficient to outweigh the public's interest in disclosure. *Id.* at 1179.

The facts set forth in the above-captioned search warrant applications disclose sensitive facts about an ongoing investigation, one that may expand due to possible new criminal activity. Disclosure of the applications, as well as the facts, are likely to alert the targets of the investigation of their status. This could result in their flight and the destruction of evidence, as well as pose a danger to law enforcement officers seeking to investigate and/or arrest them. At a minimum, this could lead the targets to changing their behavior in an effort to frustrate law enforcement and the investigation. Thus, there are compelling reasons that are sufficient to outweigh the public's interest in disclosure.

Based on the foregoing, the government respectfully requests that this Court enter the attached order sealing said Search Warrant, Application and Affidavit for Warrant, the returns and this motion and order until said time that the investigation is completed. At which time, the government will move the court by appropriate pleading seeking to unseal the Warrant and accompanying documents, as well as the return.

RESPECTFULLY SUBMITTED this 20th day of April 2021, in Anchorage, Alaska.

        E. BRYAN WILSON
        Acting United States Attorney

        /s/ *Michael J. Heyman*
        MICHAEL HEYMAN
        Assistant U.S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-5071
        Michael.Heyman@usdoj.gov